PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 4:16CV0861 |
| VIRGINIA DUNCAN ) | |
| ) | JUDGE BENITA Y. PEARSON |
| Debtor. ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |

This action is before the Court upon a *pro se* appeal by Virginia Duncan from an order of the bankruptcy court.[1] After an examination of the record, this Court determines that oral argument is not needed.

This appeal from an order of Bankruptcy Judge Kay Woods entered in Bankruptcy Case No. 15-40842-kw was filed in this Court on April 12, 2016.

Appellant has not complied with Bankr. Rule 8009 in compiling the record. Rule 8009 provides that within 14 days after filing the notice of appeal the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Appellant filed her Notice of Appeal and Statement of Election (ECF No. 1 at PageID #: 1-2) on April 7, 2016. From the record it appears that

---

[1]The Order (ECF No. 1-2) authorized the sale of real property located at 27970 Lobstertail Trail, Little Torch Key, Monroe County, Florida ("Florida Property") free and clear of all liens, encumbrances and other interests. It was entered on the docket on March 29, 2016. *See* Transmission of Notice of Appeal to the District or BAP Clerk (ECF No. 1-1) from the clerk of the bankruptcy court.

(4:16CV0861)

Appellant still has not filed a designation of the items to be included in the record from the bankruptcy court on the appeal or a statement of the issues to be presented nor moved for an extension of time pursuant to Bankr. Rule 9006(b)(1).

> Bankr. Rule 8003(a)(2) provides:
>
> An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, *including dismissing the appeal* (emphasis added).

While this Court is cognizant of the fact that not every failure to follow procedural rules mandates dismissal of the appeal, the Court finds prejudice to Appellee and negligence, indifference or bad faith[2] on the part of Appellant in the case at bar. *In re Winner Corp.*, 632 F.2d 658, 660-61 (6th Cir. 1980); *In re Wynn*, 112 Bankr. 9, 10 (N.D. Tex. 1990).

Where bankruptcy appeals have been dismissed for failure to designate timely, there has usually been consistently dilatory conduct by the parties, a complete failure by the parties to do anything beyond filing a notice of appeal or failure by the parties to respond to a motion to dismiss. *See*, *e.g.*, *In re Bock Laundry Machine Co.*, 63 Bankr. 221 (N.D. Ohio 1986) (Walinski, J.).

In addition, Appellant has not complied with the Notice of Filing an Appeal From a Bankruptcy Judge's Decision (ECF No. 3), filed and served on April 20, 2016. The Notice

---

[2] On May 6, 2016, Bankruptcy Judge Woods found Appellant in contempt for interfering with the administration of the Florida Property as an asset of the bankruptcy estate. *See* Memorandum Opinion Finding Debtor Virginia Duncan in Contempt (ECF No. 171 in No. 15-40842-kw); Order Finding Debtor Virginia Duncan in Contempt (ECF No. 172 in No. 15-40842-kw).

(4:16CV0861)

required that Appellant serve and file her brief on or before May 12, 2016.  Neither has Appellant complied with Bankr. Rule 8018 in filing a brief.  A Notice of Bankruptcy Appeal Record Availability (ECF No. 4) was docketed on May 9, 2016.  Rule 8018(a) provides in pertinent part:

> [U]nless the district court . . . by order in a particular case excuses the filing of briefs or specifies different time limits:
> (1)     The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.
>                             *  *  *  *

Pursuant to Bankr. Rule 8018(a)(1), the Brief of Appellant should have been filed on or before June 8, 2016, 30 days after the docketing of notice that the record has been transmitted or is available electronically.  However, Appellant has not submitted a brief nor moved for an extension of time pursuant to Bankr. Rule 9006(b)(1).  *In re Thompson*, 140 Bankr. 979 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (appellants were negligent in failing to perfect appeal by failing to file statement of issues or designation of items to be included in record and by failing to file appellate brief, thus warranting dismissal).  Accordingly,

   The appeal will be dismissed for failure to submit the designation of record and issues on appeal and to file a brief.

(4:16CV0861)

      The Clerk of Court shall issue a copy of this Memorandum of Opinion and Order to Virginia Duncan, P.O. Box 431454, Big Pine Key, Florida 33043.

      IT IS SO ORDERED.

| | |
|---|---|
|  June 13, 2016      <br> Date |   */s/ Benita Y. Pearson*     <br> Benita Y. Pearson <br> United States District Judge |